IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> THOMAS GRANT, <br><br> Defendant. | Criminal: 1:22-cr-00007 (RMR) |

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**

Defendant Thomas Grant, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial date of August 1, 2022, exclude 60 days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for an additional 60 days from the current deadlines. In support, counsel states:

**INTRODUCTION**

**(1)** Mr. Grant is charged with violating 18 U.S.C. § 922(g)(1). Docket Entry Number ("DE") 1.

**(2)** The government provided undersigned with discovery on January 27, 2022. Defense counsel has had an opportunity to review that discovery and discuss the case with Mr. Grant (including potential pretrial motions and defense strategy).

**(3)** The undersigned moved to exclude 60 days from the speedy trial calculation on February 10, 2022. DE 15. The Court granted that motion the same day. DE 16.

**(4)** On June 21, 2022, the undersigned filed a motion to withdraw. DE 17. The Court originally scheduled a hearing on that motion for June 28, 2022. DE 19. However, that hearing has been continued to June 21, 2022.

**(5)** Mr. Grant is currently detained. DE 11.

**(6)**     The parties have conferred, and the government does not oppose this motion.

## LAW

**(7)**     This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(8)**     In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(9)**     This Court should exclude 60 days from the speedy trial calculation based on the necessity of the Court ruling on the motion to withdraw. Depending on the Court's ruling, defense counsel's need additional time to (a) meet with Mr. Grant and (b) prepare for trial, if necessary.

**(10)** Additionally, counsel's request for a continuance satisfies the criteria in § 3161(h)(7). The ends of justice served by continuing the trial and excluding 60 days outweigh the best interest of the public and the defendant.

**(11)** As for the *West* factors, counsel has diligently prepared for trial by reviewing the discovery and communicating with his client. If the Court grants a 60-day continuance, the Court will be able to rule on the motion to withdraw, and if that motion is denied, the undersigned will have additional time to meet with Mr. Grant and prepare for trial, if necessary. The government has not asserted that the continuance would cause undue inconvenience, and, in fact, it does not oppose the continuance. And finally, a denial of the continuance would deprive Mr. Grant of the effective assistance of counsel.

## CONCLUSION

Wherefore, Mr. Grant respectfully requests this Court for an Order excluding an additional 60 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines 60 days from the current deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Thomas Minser, AUSA
    Email: thomas.minser@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Thomas Grant (Via U.S. Mail)

    s/ Jared Scott Westbroek
    JARED SCOTT WESTBROEK
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  jared_westbroek@fd.org
    Attorney for Defendant