IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cr-00007-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS MAURICE GRANT

    Defendant.

## UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR EXCLUSION OF 60 DAYS FROM SPEEDY TRIAL

Mr. Thomas Grant, through undersigned counsel, moves to continue the current trial setting of September 19, 2022, and for an ends of justice exclusion of 60 days from the speedy trial clock.

***Certificate of Conferral***: Undersigned counsel conferred with AUSA Thomas Minser who does not oppose continuing the trial or excluding 60 days from the Speedy Trial clock.

### Procedural History

Mr. Grant is charged with a single count of possessing a firearm in and affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1).

Mr. Grant was originally represented by Assistant Federal Public Defender Jared Westbroek.  Mr. Westbroek filed a motion to withdraw at the request of Mr. Grant (Doc. 17).  The Court granted Mr. Westbroek's motion and appointed CJA

counsel (Doc. 30).  Undersigned counsel entered her appearance on July 28, 2022 (Doc. 32).

## Motion to Continue Trial

Mr. Grant moves to continue trial because counsel just entered an appearance and needs adequate time to review discovery, confer with the AUSA and meet with Mr. Grant.

Undersigned counsel received discovery on August 1 and completed an initial review of the discovery.  Undersigned counsel submits that she has a prescheduled vacation with family and is out of the office for approximately 10 days beginning August 2, 2022.

Undersigned counsel met briefly with Mr. Grant at FDC-Englewood as an introductory meeting.  Undersigned counsel intends to have a meaningful meeting with Mr. Grant upon her return to the office.

Counsel needs sufficient time to prepare for trial including investigation, interviewing witnesses, filing appropriate motions or pleadings and preparing Mr. Grant for possible trial testimony.

For the reasons set forth above, Mr. Grant moves to continue trial and exclude 60 days from speedy trial calculation.

## Motion for Ends of Justice Continuance

To facilitate the above-requested continuance, Mr. Grant also moves for an ends of justice exclusion of 60 days from the speedy trial clock.

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence

of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted:

> (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

The request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7). The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Grant. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to review, analyze and perform investigation in the case. Additionally, counsel would need to prepare Mr. Grant for possible testimony, and to ensure the appropriate witnesses are available for trial. If Mr. Grant and his counsel were denied the opportunity for additional time to review discovery, investigate, talk to witnesses, prepare testimony, draft and file motions (as

needed), and confer with one another and the AUSA, Mr. Grant would be denied the reasonable time necessary for effective preparation and a miscarriage of justice would result.

The request for a continuance in this case also satisfies the factors set forth in *United States v. West*. First, defense counsel was just appointed and entered her appearance. Upon appointment, defense counsel diligently began work on this case and promptly requested a continuance based on the exceedingly short time between her appointment and trial. Granting the requested continuance would allow counsel to review the case, meet with Mr. Grant, and confer with the AUSA assigned to the case. Any inconvenience to the Government, the court, or the public is outweighed by the prejudice to the defendant if the Court fails to grant a continuance. Moreover, the Government does not oppose this Motion and any harm can be mediated by the length of the continuance. As described previously, if the request is not granted, Mr. Grant will be denied the reasonable time necessary for effective trial preparation and a miscarriage of justice will result.

WHEREFORE, Mr. Grant respectfully requests that the Court continue his trial scheduled on September 19, 2022, and exclude an additional 60 days from the Speedy Trial clock to allow for such continuance.

Dated: August 3, 2022.

Respectfully submitted,

s/ Kathryn J. Stimson
Kathryn J. Stimson
STIMSON LABRANCHE
HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email:  stimson@slhlegal.com

*Counsel for Thomas Grant*

## Certificate of Service

I certify that on August 3, 2022, I electronically filed the foregoing *Unopposed Motion to Continue Trial and for Exclusion of 60 Days from Speedy Trial* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Thomas Minser
Albert Buchman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
thomas.minser@usdoj.gov
al.buchman@usdoj.gov

s/ Brenda Rodriguez
Brenda Rodriguez