IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 22-cr-00007-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS GRANT,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR EXCLUSION OF 60 DAYS FROM SPEEDY TRIAL**

---

This matter is before the Court on Defendant Thomas Grant's Unopposed Motion to Continue Trial and for Exclusion of 60 Days from Speedy Trial. The Defendant asks this Court for an ends of justice exclusion of 60[1] days from the speedy trial clock and to continue trial.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial

---

[1] On February 10, 2022, the Court Granted Defendant's Unopposed Motion to Exclude 120 Days from the Speedy Trial Act and Continue Motions Filing Deadline (ECF No. 16), extending the 70-day clock to August 1, 2022. On July 14, 2022, the Court Granted Defendant's Unopposed Motion to Exclude 60 Days from the Speedy Trial Calculation and Continue Motions Filing Deadline (ECF No. 27), extending the 70-day clock to September 30, 2022.

commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

> The Speedy Trial Act provides, in pertinent part:
>
> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 60 days in this case, and the Court adopts and incorporates those facts here. In support of his motion, Mr. Grant states that he was charged with a single count of possessing a firearm in and affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1). Mr. Grant was originally represented by Assistant Federal Public Defender Jared Westbroek. Mr. Westbroek filed a motion to withdraw at the request of

Mr. Grant. The Court granted Mr. Westbroek's motion and appointed CJA counsel who subsequently entered her appearance on July 28, 2022.

Counsel for Mr. Grant states that she received discovery on August 1 and completed an initial review of the discovery. She further indicates that she has a prescheduled vacation with family and is out of the office for approximately 10 days that began August 2, 2022. She has met with Mr. Grant at FDC-Englewood as an introductory meeting and intends to have a meaningful meeting with him upon her return to the office.

Counsel for Mr. Grant further states that she needs sufficient time to prepare for trial including investigation, interviewing witnesses, filing appropriate motions or pleadings and preparing Mr. Grant for possible trial testimony.  Proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to review, analyze and perform investigation in the case. Counsel further states that she would need to prepare Mr. Grant for possible testimony, and to ensure the appropriate witnesses are available for trial. If Mr. Grant and his counsel were denied the opportunity for additional time to review discovery, investigate, talk to witnesses, prepare testimony, draft and file motions (as needed), and confer with one another and the AUSA, Mr. Grant would be denied the reasonable time necessary for effective preparation and a miscarriage of justice would result.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has

considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 33, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from September 30, 2022 to November 29, 2022**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **4-day** jury trial is reset for **November 14, 2022**. The Trial Preparation Conference/Change of Plea Hearing is reset for **October 31, 2022 at 3:00 PM**;

(4) Defendant shall have to and including **October 3, 2022** to file pretrial motions, and responses to these motions shall be filed by **October 17, 2022**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **October 19, 2022**.

DATED:  August 5, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge