IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00007-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. THOMAS MAURICE GRANT,

        Defendant.

## GOVERNMENT'S MEMORANDUM IN ADVANCE OF PLEA

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Thomas Minser, Assistant United States Attorney, hereby submits this memorandum in advance of the change of plea hearing on November 2, 2022, in accordance with the Court's order [ECF 48].

### I. NATURE OF THE PLEA

The defendant, THOMAS MAURICE GRANT, has informed the government he intends to enter a guilty plea to Count 1 of the Indictment, being a violation of 18 U.S.C. § 922(g)(1). The defendant's plea will *not* be pursuant to an agreement with the government.

### II. ELEMENTS OF THE OFFENSE

The elements of the offense to which this plea is being tendered are as follows:

Counts 1: 18 U.S.C. § 922(g)(1) – Possession of a Firearm by a Felon

    *First*: The defendant knowingly possessed a firearm;

    *Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

***Third***: At the time he possessed the firearm, the defendant knew that he had been convicted of a felony; and

***Fourth***: Before the defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States.

### III.   STATUTORY PENTALTIES

The maximum statutory penalty for Count 1, a violation of 18 U.S.C. § 922(g)(1), is not more than 10 years' imprisonment, not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 special assessment fee.

If supervised release is imposed, a violation of any condition of supervised release may result in a separate prison sentence and additional supervision.

### IV.   STATEMENT OF FACTS

The government believes it would prove the following facts at trial:

*On July 28, 2021 at approximately 9:51 p.m., Lakewood Police Agent Anderson was on patrol in the area of 5600 West Colfax Avenue in Lakewood, Colorado, when he observed a parked vehicle occupied by two males that was registered to C.E. Agent Anderson learned that C.E. was wanted by Thornton Police for charges of felony menacing and domestic violence. Due to this, Agent Anderson initiated a stop of the vehicle and the two male occupants. The defendant, THOMAS MAURICE GRANT, had been previously convicted of a violation of 18 U.S.C. § 922(g)(1), and was in the driver's seat of the vehicle.*

*During the course of the stop, police conducted a frisk of GRANT for officer safety purposes and discovered the following items on his person:*

1) *a loaded Glock 19 firearm (serial number BFNV347) with 14 rounds of 9mm*

*ammunition in the magazine and one round of 9mm ammunition in the chamber;*

2) *A firearm magazine containing 15 rounds of 9mm ammunition;*

3) *a high capacity firearm magazine containing 31 rounds of 9mm ammunition;*

4) *$482 in cash;*

5) *a scale; and,*

6) *approximately 3.38 grams of a substance that a field test indicated was cocaine.*

*When police conducted a search of the vehicle, a backpack was discovered in the backseat containing mail addressed to GRANT, along with four additional rounds of 9mm ammunition. Moreover, inside of GRANT's wallet, police discovered a receipt from "The Gun Room" for Glock 19 parts.*

*The Glock 19 firearm with serial number BFNV347 was subsequently analyzed by law enforcement, and it was determined to function as intended. The firearm was also determined to have been manufactured outside of the State and District of Colorado, and therefore had travelled through interstate and foreign commerce prior to July 28, 2021.*

## V.   ESTIMATED U.S.S.G. CALCULATIONS

With regard to Count 1, the government estimates the base offense level is 22 pursuant to U.S.S.G. § 2K2.1(a)(3). In addition, the government believes a 4-level increase pursuant to § 2K2.1(b)(6)(A) applies because the defendant possessed the firearm in connection with another felony offense. Accordingly, the adjusted offense level is 26.

Assuming the defendant does not engage in conduct constituting obstruction of justice as defined in § 3C1.1 prior to sentencing, he has demonstrated acceptance of

responsibility and should receive the full 3-level decrease pursuant to §§ 3E1.1(a) and (b). Therefore, the estimated total offense level is 23.

The government believes the defendant is within criminal history category VI.

Based upon the above estimations, the resulting guideline range for Count 1 of the Indictment is 92 to 115 months of imprisonment. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI) of imprisonment. The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

Pursuant to § 5D1.2, if the Court imposes a term of supervised release that term shall be at least 1 year but not more than 3 years. In addition, pursuant to § 5E1.2, assuming the government's estimated guideline range is correct, the fine range for the offense would be $20,000 to $200,000 plus applicable interest and penalties.

Respectfully submitted,

By: *s/ Thomas Minser*
THOMAS MINSER
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0203
E-mail: Thomas.Minser@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I electronically filed **GOVERNMENT'S MEMORANDUM IN ADVANCE OF PLEA** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties on record.

*s/ Deana Ambrosen*
Legal Assistant
United States Attorney's Office