IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cr-00007-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS MAURICE GRANT

    Defendant.

## UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR EXCLUSION OF 90 DAYS FROM SPEEDY TRIAL

Mr. Thomas Grant, through undersigned counsel, moves to continue the current trial setting of November 14, 2022, and for an ends of justice exclusion of 90 days from the speedy trial clock.

***Certificate of Conferral***: Undersigned counsel conferred with AUSA Daniel Warhola who does not oppose continuing the trial or excluding 90 days from the Speedy Trial clock.

### Procedural History

Mr. Grant is charged with a single count of possessing a firearm in and affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1).

Mr. Grant was originally represented by Assistant Federal Public Defender Jared Westbroek. Mr. Westbroek filed a motion to withdraw at the request of Mr. Grant (Doc. 17). The Court granted Mr. Westbroek's motion and appointed CJA

counsel (Doc. 30).  Undersigned counsel entered her appearance on July 28, 2022 (Doc. 32).  Mr. Grant was scheduled for a jury trial to begin on November 14, 2022.  On October 3, 2022, Mr. Grant filed a Motion to Suppress and Request for Hearing (Doc. 36).  On October 25, 2022, the Court held a hearing on the Motion to Suppress and it was denied.  That day, Mr. Grant filed a Notice of Intent to Plea Without Plea Agreement (Doc. 46).  The plea hearing was scheduled for November 7, 2022.  On November 7, 2022, Mr. Grant notified the Court and counsel he did not wish to enter a plea but instead wished to proceed to trial. Mr. Grant also identified additional investigation necessary prior to trial.

## Motion to Continue Trial

Indeed, the Court had not vacated the jury trial setting for November 14, 2022.  However, the parties were not intending to proceed to trial since at least October 25, 2022 when Mr. Grant filed his Notice of Intent to Plea.  On November 7, 2022, the parties were not prepared to proceed to trial one week later.  The defense had not filed proposed jury instructions, voir dire, exhibits or witness lists. Mr. Grant identified additional investigation to be conducted prior to the trial. Further, additional research with respect to trial issues needs to be conducted.

Undersigned counsel had a death in the family and is scheduled to travel out of state to attend the funeral and memorial service on Thursday, November 10 and Friday, November 11, 2022.

Counsel needs sufficient time to prepare for trial including additional investigation, research, obtaining transcripts from the motions hearing, interviewing potential witnesses and advising and meeting with Mr. Grant with respect to his right to testify. Those tasks, in addition to counsel's scheduled travel, cannot be conducted in less than a week's time.

Mr. Grant is in support of additional time for counsel to prepare for his trial and does not oppose a later trial setting.

The parties conferred with respect to the time that has been excluded from Speedy Trial during the pendency of the case and agree 32 days have elapsed and 38 days remain within the Speedy Trial calculation.

**Motion for Ends of Justice Continuance**

To facilitate the above-requested continuance, Mr. Grant moves for an ends of justice exclusion of 90 days from the speedy trial clock.

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding

would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted:

> (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

The request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7). The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Grant. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to review, analyze and perform investigation in the case. Additionally, counsel would need to prepare Mr. Grant for possible testimony, and to ensure the appropriate witnesses are available for trial. If Mr. Grant and his counsel were denied the opportunity for additional time to review discovery, investigate, talk to witnesses, prepare testimony and potentially file additional motions, Mr. Grant would be denied the reasonable time necessary for effective preparation and a miscarriage of justice would result.

The request for a continuance in this case also satisfies the factors set forth in *United States v. West*. First, defense counsel has been diligently working on the case. Mr. Grant simply changed his mind with respect to how he would like to proceed and the trial was set one week after that date. The government is not inconvenienced and does not oppose this request. As described previously, if the request is not granted, Mr. Grant will be denied the reasonable time necessary for effective trial preparation and a miscarriage of justice will result.

WHEREFORE, Mr. Grant respectfully requests that the Court continue his trial scheduled on November 14, 2022, and exclude an additional 90 days from the Speedy Trial clock to allow for such continuance.

Dated: November 10, 2022.

Respectfully submitted,

*s/ Kathryn J. Stimson*
Kathryn J. Stimson
STIMSON LABRANCHE
HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email:  stimson@slhlegal.com

*Counsel for Thomas Grant*

## Certificate of Service

I certify that on November 10, 2022, I electronically filed the foregoing *Unopposed Motion to Continue Trial and for Exclusion of 90 Days from Speedy Trial* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Thomas Minser
Daniel Warhola
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
thomas.minser@usdoj.gov
daniel.warhola@usdoj.gov

*s/ Brenda Rodriguez*
Brenda Rodriguez