IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00007-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. THOMAS MAURICE GRANT,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Thomas Minser, Assistant United States Attorney for the District of Colorado, and the defendant, THOMAS MAURICE GRANT, personally and by counsel Kathryn J. Stimson, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A.   Defendant's Plea of Guilty:**

The defendant agrees to:

    (1)    plead guilty to Count 1 of the Indictment charging a violation of **18 U.S.C. § 922(g)(1), felon in possession of a firearm;**

    (2)    waive certain appellate and collateral attack rights, as explained in detail

**COURT EXHIBIT 1**

below;

(3) not to contest the forfeiture as more fully described below.

**B.   Government's Obligations**

(1) This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to recommend a sentence at the low end of the guideline range as finally determined by the Court. The parties understand that this agreement is not binding on the Court.

(2) Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C.   Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, **18 U.S.C. § 922(g)(1);**

2

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of **23**; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D.    Forfeiture of Assets**

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to, the firearm and ammunition involved in the commission of the underlying offense, being a Glock 19 bearing serial number BFNV347. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives

4

his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

Count 1: Felon in Possession of a Firearm – 18 U.S.C. § 922(g)(1)

*First*: The defendant knowingly possessed a firearm;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

*Third*: At the time he possessed the firearm, the defendant knew that he had been convicted of such an offense; and

*Fourth:* Before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

## III. STATUTORY PENALTIES

Based on the defendant's criminal history known at this time, the maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment, not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, and/or be denied admission to the United States in the future, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial.

*On July 28, 2021 at approximately 10:00 p.m., Lakewood Police were on patrol in the area of 5600 West Colfax Avenue in Lakewood, Colorado, when they observed a vehicle registered to C.E. Police learned that there was an outstanding arrest warrant for*

*C.E. for charges of felony menacing and domestic violence. Due to this, law enforcement investigated the two male occupants of the vehicle. The defendant, THOMAS MAURICE GRANT, had been previously convicted of a violation of 18 U.S.C. § 922(g)(1), and was located in the driver's seat of the vehicle. The sole passenger in the vehicle was C.E.*

*Because police had information that C.E. could be armed, they ordered GRANT and C.E. to step out of the vehicle and lay down on the ground. Police then conducted a pat-down search of GRANT and C.E. for officer safety purposes. During this search, police discovered the following items on GRANT's person:*

1) *a loaded Glock 19 firearm (serial number BFNV347) with 14 rounds of 9mm ammunition in the magazine and one round of 9mm ammunition in the chamber;*
2) *a magazine containing 15 rounds of 9mm ammunition;*
3) *a magazine containing 31 rounds of 9mm ammunition;*
4) *$482 in cash;*
5) *a scale; and*
6) *approximately 3.38 grams of a substance that a field test indicated was cocaine.*

*When police conducted a search of the vehicle, a backpack was discovered in the backseat containing mail addressed to GRANT, along with four additional rounds of 9mm ammunition. Moreover, inside of GRANT's wallet, police discovered a receipt from "The Gun Room" for Glock 19 parts.*

*The Glock 19 firearm with serial number BFNV347 was subsequently analyzed by law enforcement, and it was determined to function as intended. The firearm was also determined to have been manufactured outside of the State and District of Colorado, and*

*therefore had travelled through interstate commerce prior to July 28, 2021.*

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

(1)     Under § 2K2.1(a)(3) the base offense level is **22.**

(2)     Pursuant to § 2K2.1(b)(6)(A), **+4** is added because the defendant possessed any firearm or ammunition in connection with another felony offense[1];

(3)     No victim-related, role-in-offense, obstruction, grouping, and/or multiple-count adjustments apply.

---

[1] The defense objects to inclusion of this enhancement, and reserves the right to argue that it should not apply.

(4)     The adjusted offense level is **26**.

(5)     Defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by -1 for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

(6)     The resulting total offense level is **23**.

(7)     The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **VI**.

(8)     The armed career criminal adjustment does not apply.

(9)     The advisory guideline range resulting from these calculations is **92-115** months imprisonment. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from **46** months (bottom of Category I) to **115** months (top of Category VI) of imprisonment. The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

(10)    Pursuant to § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be **$20,000 to $200,000**, plus applicable interest and penalties.

(11)    Pursuant to § 5D1.2, if the Court imposes a term of supervised release, **that term shall be at least 1 year, but not more than 3 years**.

The parties understand that the Court is free, upon consideration and proper

9

application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 01/09/23
1/19/23

THOMAS MAURICE GRANT
Defendant

Date: 1/19/23

Kathryn J. Stimson
Attorney for Defendant

Date: 01/03/2023

s/ Thomas Minser
Thomas Minser
Assistant U.S. Attorney

10